

FILED
Feb 07 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. CARLOS IBARRA, Defendant - Appellant. | No. 20-50217 D.C. No. 3:19-cr-04800-LAB-1 U.S. District Court for Southern California, San Diego **MANDATE** |

The judgment of this Court, entered December 22, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: David J. Vignol
Deputy Clerk
Ninth Circuit Rule 27-7

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CARLOS IBARRA, <br><br> Defendant-Appellant. | No. 20-50217 <br><br> D.C. No. 3:19-cr-04800-LAB-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Before: KELLY,** M. SMITH, and FORREST, Circuit Judges.

Defendant-Appellant Carlos Ibarra pled guilty to one count of importation of methamphetamine, 21 U.S.C. §§ 952, 960. The district court sentenced Mr. Ibarra to 90 months of imprisonment and five years of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

# DISCUSSION

The parties are familiar with the facts, so we need not restate them here. On appeal, Mr. Ibarra contends that the district court made three errors in sentencing. First, by categorically refusing to consider drug addiction as mitigating in drug importation cases. Second, by restricting Mr. Ibarra's presence in Mexico without making an individualized finding that it was necessary. Third, by including terms in the written judgment that were not announced at sentencing. The government challenges the first issue and concedes that remand would be appropriate on the second and third issues.

## A. The Sentence

The parties disagree on the standard of review, with Mr. Ibarra advocating for abuse of discretion and the government for plain error. Regardless, "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). A district court may not refuse to "announce its calculated Guidelines range to the parties" or "consider expressly the § 3553(a) factors." *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008). However, "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992. The district court is simply required to "adequately explain the chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Mr. Ibarra does not argue that his sentence was substantively unreasonable. The district court also did not commit a procedural error because, contrary to Mr. Ibarra's assertions, it did not categorically refuse to consider his drug addiction. Mr. Ibarra relies on the district court's statement that "[i]t would be a very perverse mitigating factor to say, oh, you're using methamphetamine and addicted to it so that somehow mitigates the crime of bringing a boatload of methamphetamine into the United States." However, the court's statement was made in the context of considering many § 3553(a) factors. While discussing the circumstances of the offense, the district court focused on, among other things, the amount of drugs found in Mr. Ibarra's vehicle, the fact that Mr. Ibarra's father had Covid-19, Mr. Ibarra's employment history, and Mr. Ibarra's history with the drug smuggling organization  Additionally, immediately after making the above statement, the district commented how Mr. Ibarra's drug addiction explained "bad judgment" that is "at variance with a legally blameless life up until 2019." Read holistically, the above statements were an individualized assessment of how Mr. Ibarra's drug addiction was not mitigating in his case. There was no error, regardless of the standard of review.

### B. The Special Supervised Release Condition

At sentencing, the district court imposed a special condition limiting Mr. Ibarra's ability to enter or reside in Mexico without permission of his probation

officer and the court while on supervised release. Mr. Ibarra and the government agree that the condition should be vacated. Consequently, we take no position on whether *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012), requires this result. On remand, the district court should make appropriate findings or modify the condition.

C.     **The Written Special Conditions**

Where there are additional terms in a written sentence that were not in the oral sentence, the appropriate remedy is to remand for resentencing or strike the challenged conditions. *United States v. Napier*, 463 F.3d 1040, 1043–44 (9th Cir. 2006). Mr. Ibarra argues, and the government agrees, that the district court added three conditions in the written judgment that were not announced during the sentencing hearing.[1]

As this decision "alters the overall package of conditions that the district court thought were warranted . . . we exercise our discretion to vacate the entirety of the supervised release portion of [his] sentence and to remand to the district court for the limited purpose of imposing a new supervised release sentence."

---

[1] Those conditions were compliance with United States and Mexican immigration law, allowance of reciprocal release of information between the probation officer and a treatment provider, and contribution to the costs of services based upon ability to pay.

4

*United States v. Reyes*, No. 20–50016, – F.4th –, 2021 WL 5540845 (9th Cir. Nov. 26, 2021). We affirm the district court's imposition of 90 months imprisonment.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**